**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
        lrosen@rosenlegal.com

*Counsel for Plaintiffs and [Proposed]*
*Lead Counsel for Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

STEPHEN MERZ, Individually and on behalf of all
others similarly situated,

      Plaintiff,

      v.

BURFORD CAPITAL LIMITED, SIR PETER
MIDDLETON GCB, CHRISTOPHER BOGART,
JONATHAN MOLOT, AND CHARLES PARKINSON,

      Defendants.

-------------------------------------------------------------------X

Case No.: 1:19-cv-04807-NG-CLP

**MEMORANDUM OF LAW IN
SUPPORT OF THE BURFORD
INVESTOR GROUP'S MOTION
TO: (1) APPOINT LEAD
PLAINTIFFS; AND (2)
APPROVE LEAD PLAINTIFFS'
SELECTION OF COUNSEL**

**CLASS ACTION**

Plaintiffs Stephen Merz, Christopher LoSapio, and Michael Rosenbloom (the "Burford

Investor Group" or "Movants") respectfully submit this memorandum of law in support of their

motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934

(the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the

"PSLRA"):

(1) appointing Movants as Lead Plaintiffs for the class of persons or entities who

purchased or otherwise acquired publicly traded securities of Burford Capital Limited ("Burford"

1

or the "Company") between March 18, 2015 through August 7, 2019, inclusive (the "Class Period"); and

(2) approving Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

Plaintiff Stephen Merz, a member of the Burford Investor Group, commenced this action on August 21, 2019 against the Company and certain of its officers and directors for violations under the Exchange Act. That same day, The Rosen Law Firm, P.A. issued an early notice pursuant to the PSLRA advising class members of, *inter alia,* the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

Burford is a litigation-financing company which offers services for clients participating in litigation, arbitration, asset recovery, and other legal financial activities. The Complaint alleges that, throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Burford has been manipulating its metrics, including return on invested capital ("ROIC") and internal rate of return ("IRR"), to create a misleading picture of investment returns to investors; (2) these manipulations hid the fact that Burford is at high risk for a liquidity crunch and is already arguably insolvent; and (3) as a result of the aforementioned misconduct, Defendants' statements about Burford's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis at all relevant times.

On August 6, 2019, Muddy Waters Research sent out a tweet announcing that was going to be reporting on an "accounting fiasco." On this news, ordinary shares of Burford fell $2.87, or 17.11%, to close at $13.90 per share on August 6, 2019, damaging investors. On August 7, 2019,

Muddy Waters Research issued its report disclosing that Burford had poor governance, was mismarking the value of the legal cases in which it invests and was manipulating the metrics including ROIC and IRR. On this news, Burford's ordinary shares plummeted $5.90, or 42.45%, to close at $8.00 on August 7, 2019, further damaging investors.

## ARGUMENT

### I. MOVANTS SHOULD BE APPOINTED AS LEAD PLAINTIFFS

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria, and are thus entitled to the presumption that Movants are the "most adequate plaintiff" for the Class.

### A. Movants are Willing to Serve as Class Representatives

Movants have filed herewith PSLRA certifications attesting that they are willing to serve as representatives of the class and provide testimony at deposition and trial, if necessary. *See* Ex. 2. Accordingly, Movants satsify the first requirement to serve as Lead Plaintiffs for the Class.

**B.      Movants Have the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the Lax/Olsen-styled[1] factors in determining the largest financial interest, the financial loss is a significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant suffered $24,285.78 in losses of their Burford transactions. *See* Ex. 3. Movants are not aware of any other movant that has suffered greater losses in Burford securities during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

**C.      Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036*5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satsify the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movants satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movants' Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business and financial condition. Movants' interests are closely aligned with the other Class members' and Movants' interests are therefore typical of the other members of the Class.

### 2.    Movants are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained

adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.2d. 201, 265 (3d Cir. 2001).

Here, Movants have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed as Lead Plaintiffs. Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from their investments in Burford securities and are therefore extremely motivated to pursue claims in this action.

**D.       Movants are Presumptively the Most Adequate Plaintiff**

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption that Movants are the most adequate Lead Plaintiffs is not, therefore subject to rebuttal. Movants have suffered substantial financial losses and have the largest financial interest in this case of any timely lead plaintiff. The ability of Movants to fairly and adequately represent the Class is discussed above. Movants are not aware of any unique defenses Defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, Movants are presumptively the most adequate plaintiffs and should be appointed as Lead Plaintiffs for the Class.

## II.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm, P.A. as Lead Counsel. Movants and the firm have been actively researching Movants' and Class Plaintiffs' claims, including initiating the action as well as reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors.

As a result of the firm's experiences in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Movants respectfully request the Court issue an Order: (1) appointing Movants as Lead Plaintiffs of the Class; (2) approving Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: October 21, 2019                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           /s/ Phillip Kim
                                           Phillip Kim, Esq. (PK 9384)
                                           Laurence M. Rosen, Esq. (LR 5733)
                                           275 Madison Avenue, 40th Floor
                                           New York, New York 10016
                                           Telephone: (212) 686-1060
                                           Fax: (212) 202-3827
                                           Email: pkim@rosenlegal.com
                                                   lrosen@rosenlegal.com

                                           *Counsel for Plaintiffs and [Proposed]*
                                           *Lead Counsel for the Class*

                                           **BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
                                           Peretz Bronstein
                                           60 East 42nd Street, Suite 4600
                                           New York, NY 10165
                                           Tel: (212) 697-6484
                                           Fax: (212) 697-7296
                                           Email: peretz@bgandg.com

                                           *Additional Counsel*

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Phillip Kim